UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 9, 2013

LETTER TO COUNSEL

RE:   *April Carrier v. Michael J. Astrue, Commissioner of Social Security*;
      Civil No. SAG-10-3264

Dear Counsel:

On November 18, 2010, claimant April Carrier petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 20, 32). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Ms. Carrier filed her claim for benefits on January 28, 2008, alleging disability beginning on May 3, 2007. (Tr. 102-13). Her claim was denied initially on April 4, 2008, and on reconsideration on July 17, 2008. (Tr. 55-57, 53-54). After a hearing, (Tr. 31-50), Administrative Law Judge Drew A. Swank ("the ALJ") issued an opinion denying benefits because he determined that Ms. Carrier was not disabled. (Tr. 12-30). The Appeals Council denied Ms. Carrier's request for review, (Tr. 1-5), so the ALJ's opinion is the final, reviewable decision of the agency.

The ALJ found that Ms. Carrier suffered from the severe impairments of degenerative disc disease of the lumbar spine, right knee osteoarthritis, osteoarthritis of the left thumb status post release and fusion, bilateral carpal tunnel syndrome status post bilateral carpal tunnel release, left ulnar neuropathy, and obesity. (Tr. 17). Despite these impairments, the ALJ found that Ms. Carrier had retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) except she is limited to occasional handling, feeling, and grasping with her non-dominant (left) upper extremity.

(Tr. 18). After considering testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Carrier could perform work that exists in significant numbers in the national economy, and

*April Carrier v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-10-3264
January 9, 2013
Page 2

that she therefore was not disabled. (Tr. 24-25).

Ms. Carrier makes several arguments in support of her appeal. One of her arguments is the ALJ's RFC was inconsistent with his Step Two findings of bilateral severe hand impairments. That argument is deficient, because there is no requirement that every severe impairment correlate with a particular restriction in the RFC. However, I agree that the ALJ has not provided sufficient analysis for me to determine whether his conclusions as to Ms. Carrier's alleged right hand limitations are premised on substantial evidence. Particularly in light of the Government's reliance on the proposed job of "nut sorter," which requires frequent fingering, remand is warranted.[1]

The ALJ's opinion provides little analysis pertaining to Ms. Carrier's ability to use her right hand effectively. Ms. Carrier complains that she is "unable to raise a glass or pick up coins with either hand," that she does not use a cane every day "due to difficulty with grasping," and that she "often requires assistance with buttons, zippers, and snaps." (Tr. 19). The ALJ found that Ms. Carrier's complaints were not entirely credible. *Id.* However, the medical evidence clearly reflects difficulties with Ms. Carrier's right hand. A June, 2009 nerve conduction study and EMG revealed "moderately severe bilateral median neuropoathies at the wrists." (Tr. 20). In August, 2009, an examination revealed "painful, reproducible triggering of multiple fingers on the right hand" and "positive Phalen's test bilaterally." *Id.* In September, 2009, Ms. Carrier underwent bilateral carpal tunnel release. (Tr. 21). In October, 2009, Ms. Carrier's orthopedist reported that her right hand "[g]rip strength is still weak." (Tr. 520). In subsequent months, some swelling of the right hand continued, although numbness, tingling, and flexion appeared improved. (Tr. 515-17). Grasping or gripping was not addressed in those subsequent reports, as to the right hand. *Id.* Ms. Carrier was examined by Dr. Tuwiner in early 2010. In his report, dated March 4, 2010, Dr. Tuwiner opined that she has "arthritic changes in the bilateral (left greater than right) hands," and that she "has occasional manipulative limitations with handling, feeling, and grasping, particularly on the left side." (Tr. 532-33). Dr. Tuwiner's findings are corroborated by a February 9, 2010 EMG at Gettysburg Hospital, which found "evidence of moderately severe, bilateral median nerve lesion at the wrist, consistent with carpal tunnel syndrome. The left side is more affected." (Tr. 536).

All of the evidence consistently notes that Ms. Carrier's left hand is worse than her right hand. What is unclear, however, is the ability of her right hand to function effectively,

---

[1] Ms. Carrier raised additional arguments challenging the validity of the VE's testimony classifying various proposed occupations as "sedentary," when the Dictionary of Occupational Titles apparently classifies those same occupations as "light." Pl. Mot. 15-17. In response, the Commissioner relies on the fact that one of the VE's proposed positions, "nut sorter," is a sedentary position. Def. Mot. 15. In addition to the issues addressed above, I note that the VE's interrogatory responses identified the "nut sorter" job as "inspector." (Tr. 226). While the DOT number and the assigned SVP level appear to be the same, there is at least some question as to whether the VE intended to identify "nut sorter" or some other position.

*April Carrier v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-10-3264
January 9, 2013
Page 3

particularly in a job such as "nut sorter," requiring frequent fingering.[2] Dr. Tuwiner's assessment of "occasional manipulative limitations with handling, feeling, and grasping" was not limited solely to the left side. The ALJ has not provided sufficient analysis to permit me to evaluate whether Ms. Carrier would be able to perform a job involving frequent fingering, or whether a bilateral fingering or handling limitation should have been part of her RFC. Accordingly, remand is appropriate.

I need not address the remaining issues Ms. Carrier has raised on appeal, because the case will be remanded for further proceedings. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Carrier was ineligible for benefits was correct or incorrect.

For the reasons set forth herein, Ms. Carrier's motion for summary judgment (ECF No. 20) and Defendant's motion for summary judgment (ECF No. 32) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                              Sincerely yours,

                                              /s/

                                            Stephanie A. Gallagher
                                            United States Magistrate Judge

---

[2] According to the DOT, a "nut sorter" "removes defective nuts and foreign matter from bulk nut meats: Observes nut meats on conveyor belt, and picks out broken, shriveled, or wormy nuts and foreign matter, such as leaves and rocks. Places defective nuts and foreign matter into containers." DICOT 521.687-086, 1991 WL 674226. The DOT specifies, and common sense confirms, that frequent handling and fingering are required to perform the position.